UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WENDY B. ADELSON**, | 2:19- cv-13569-TGB-DRG |
| Plaintiff, | HON. TERRENCE G. BERG<br>HON. DAVID R. GRAND |
| vs. | **ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 46), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 10) AND DENYING PLAINTIFF'S MOTIONS TO STRIKE AND TO "CORRECT DOCKET" (ECF NOS. 32, 37)** |
| **OCWEN LOAN SERVICING, LLC, et al.**, | |
| Defendants. | |

Plaintiff Wendy Adelson filed the present action to set aside foreclosure and quiet title to real property. Thereafter, Defendants filed a Motion to Dismiss the Complaint. In addition to filing a response to Defendants' motion, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss (ECF No. 32) and a Motion to Correct Docket (ECF No. 37). This Court referred all pretrial matters to Magistrate Judge Grand, who filed a report on August 20, 2020, recommending that Defendants' Motion to Dismiss be granted, and Plaintiff's Motion to Strike and to "Correct Docket" be denied. Plaintiff filed timely objections, and Defendant filed a response. The

1

Court has reviewed Magistrate Judge Grand's Report and Recommendation, Plaintiff's objections thereto, and Defendants' responses to Plaintiff's objections.   For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

## I.   Background

Plaintiff accepted a $178,500 loan from Sebring Capital Partners ("Sebring"), which was secured by a mortgage, on real property located in Michigan in September of 2006. ECF No. 1-1, PageID.19. In December of 2006, Ocwen became the servicer of the loan. Ocwen mailed a "Notice of Assignment, Sale, or Transfer of Servicing Rights" to Plaintiff that advised her that the servicing of the loan was transferred, noted the terms of her mortgage were unchanged, and directed her to make her monthly mortgage payments to her new servicers. *Id.* at PageID.92. Subsequently, Mortgage Electronic Registration Systems, Inc.("MERS") assigned its mortgage interest to HSBC Bank USA, NA ("HSBC") as Trustee on behalf of Ace Securities Corporation Home Equity Loan Trust ("ACE"). *Id.* at PageID.150.

Beginning in early 2007, Plaintiff stopped making payments to Ocwen. ECF No. 1-1, PageID.20. Following Plaintiff's default on

her payments, the loan was referred to foreclosure. HSBC published a foreclosure notice on June 5, 2007 and scheduled a sheriff's sale for July 3, 2007. Plaintiff then filed a complaint challenging the initiation of foreclosure proceedings against Ocwen and Trustee in Oakland County Circuit Court on July 27, 2007. The complaint was then moved to this Court and assigned Case No. 07-13142.

On December 14, 2007, the case was transferred to the U.S. District Court for Northern District of Illinois, where it was consolidated for pretrial purposes with multi-district litigation pending in that court. Case No. 07-07208, ECF No. 1. In 2010, the parties in the MDL reached a class settlement and a year later, the Northern District of Illinois entered a Final Approval Order and Judgment with respect to the settlement. Case No. 04-02174, ECF No. 476.

Over three years later, Plaintiff filed a Rule 60(b) motion for relief from the MDL final judgment. Case No. 07-07208, ECF No. 23. The Northern District of Illinois denied the motion, but Plaintiff appealed. *Id.* at ECF No. 38. The Court of Appeals for the Seventh Circuit dismissed the appeal for lack of jurisdiction, holding that the MDL settlement did not fully resolve Plaintiff's claims. *Id.* at ECF No. 68. However, the Seventh Circuit also found that Plaintiff appeared to have abandoned portions of her claims against Ocwen by failing to timely opt out of the settlement. The case was then transferred back to this Court.

3

Plaintiff filed a First Amended complaint on February 23, 2016. Case No. 07-13142, ECF No. 25. After this Court granted Defendants' Motion to Strike and for a More Definite Statement, Plaintiff filed a Corrected Second Amended Complaint. *Id.* at ECF No. 55. In her Second Amended Complaint, Plaintiff argued that Defendants sought to conduct a foreclosure sale without any legal authority or standing to do so, and they had sent notices of default when she was not in default of her mortgage. ECF No. 55, PageID.1406.

Defendants moved to dismiss Plaintiff's claim for failure to state a claim. Case No. 07-13142, ECF No. 61. Magistrate Judge Mona K. Majzoub issued a Report and Recommendation recommending the dismissal of Plaintiff's claims. Despite objections from Plaintiff, this Court adopted Magistrate Judge Majzoub's Report and Recommendation and dismissed Plaintiff's claim in March of 2017. *Id.* at ECF No. 93.

After Plaintiff's Motion for Reconsideration was denied, Plaintiff filed a Notice of Appeal. Case No. 07-13142, ECF No. 99. On August 28, 2018, the Sixth Circuit Court of Appeals affirmed the District Court's judgment. *Id.* at ECF No. 106. Plaintiff's Petition for rehearing was denied. *Id.* at ECF No. 107.

Once Plaintiff's appeal was resolved, Ocwen sent notice to Plaintiff that the loan remained in default and would be foreclosed

upon unless the debt was repaid. ECF No. 1-1, PageID.224. After Plaintiff did not repay the loan, the Trustee noticed the foreclosure sale for February 26, 2019. *Id.* at PageID.272-73. On February 22, 2019, Plaintiff filed for bankruptcy to stop the sale, but her bankruptcy case was dismissed because she failed to file the required documents. During the pendency of Plaintiff's bankruptcy proceedings, the foreclosure sale was adjourned. ECF No. 1-1, PageID.270; ECF No. 10-2, PageID.370-387. Following the dismissal of the bankruptcy case, the Trustee purchased the property for $457,190.68 on May 7, 2019 at the sheriff's sale. ECF No. 1-1, PageID.270.

Six months after the sheriff's sale, Plaintiff filed a complaint against Ocwen, the Trustee, Trott, and two Trott attorneys in Oakland County Circuit Court. ECF No. 1-1, PageID.16. Plaintiff also filed an ex parte motion to extend the redemption period, which was set to expire on November 7, 2019. The State Court denied Plaintiff's ex parte motion, finding that Plaintiff failed to demonstrate that she was entitled to an equitable extension because she did not make "a clear showing of fraud or irregularity." ECF No. 10-3, PageID.389.

On October 31, 2019, two days after the State Court denied her motion, Plaintiff attempted to remove the proceedings to this Court. Case No. 19-13208. The Court remanded the proceedings to

5

State Court because "a plaintiff who chooses to file an action in state court cannot later remove to federal court," and the case was subsequently closed on November 8, 2019. Case No. 19-13208, ECF No. 11, PageID.598.

Defendant Trustee and PHH, the successor by merger to Ocwen, filed a Notice of Removal on December 4, 2019. ECF No. 1. Defendants than filed the Motion to Dismiss Plaintiff's complaint.

In the Motion to Dismiss, Defendants argue, first, that Plaintiff "failed to state a claim upon which relief can be granted" because Plaintiff did not allege any error in the foreclosure proceedings. ECF No. 10, PageID.350. Defendants argue that the foreclosure was not time-barred because the proper limitations period is fifteen years. Defendants also discuss the proper notice of the sale that Plaintiff received, Plaintiff's failure to extend the redemption period, and, as opposed to the allegations in the complaint, how the sheriff's sale did not require an individual bond to be proper. *Id.* at PageID.354-56, 359. Additionally, Defendants assert that even if there were the above defects in the foreclosure proceedings, Plaintiff failed to allege any actual prejudice that resulted from the irregularities. *Id.* at PageID.360.

Second, Defendants argue that Plaintiff failed to plead a violation of the Fair Debt Collection Practices Act ("FDCPA") because Plaintiff did not prove that Ocwen was a debt collector as required

6

by the statute. ECF No. 10, PageID.362. Next, Defendants assert that Plaintiff's intentional infliction of emotional distress claim fails since, as a general rule in Michigan, contractual relationships and mortgage foreclosures do not give rise to claims for emotional distress. *Id.* at PageID.364. Fourth, Defendants claim that Plaintiff's conspiracy claim fails because conspiracy, by itself, is not a cause of action. *Id.* at PageID.365. Finally, since the identities of the parties holding the mortgage are known, Defendants assert that interpleader is not required. *Id.* at PageID.366.

Magistrate Judge Grand agreed with Defendants' first argument, finding that Plaintiff failed to identify any actual error in the foreclosure proceedings. ECF. No 46, PageID.1794. The magistrate judge also found that the proper limitations period was fifteen years under M.C.L. § 600.5803, Defendants were not required to provide new notice after the sale was adjourned due to the bankruptcy proceedings, and the sheriff was not required to file an individual bond. *Id.* at PageID.1794-1802. In addition to the lack of defect, the Report and Recommendation asserted that Plaintiff failed to follow the statutory requirements to lengthen the redemption period and as such the redemption period expired without Plaintiff redeeming the property. *Id.* at PageID.1801. Even if Plaintiff did properly allege a defect, Magistrate Judge Grand noted Plaintiff failed to show prejudice as required by Michigan law because the adjournment of

7

the sheriff's sale in fact provided Plaintiff more time in the property. *Id.* at Page.ID.1803. *See Kim v. JP Morgan Chase Bank, NA*, 825 N.W.2d 329, 337 (Mich. 2012).

As to Defendants' second claim, Magistrate Judge Grand referred to Plaintiff's own complaint, noting that Ocwen began servicing the loan before Plaintiff was in default. The Sixth Circuit held that a mortgage servicer is not a debt collector under the FDCPA unless it "acquired a debt in default or has treated the debt as if it were in default at the time of the acquisition." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012). Since Plaintiff did not establish that Ocwen was a debt collector, as required by the FDCPA, Magistrate Judge Grand agreed with Defendants that the FDCPA claim should be dismissed.

Magistrate Judge Grand also asserted that Plaintiff's third claim of emotional distress should be dismissed. A claim of intentional infliction of emotional distress is not generally cognizable under Michigan law where the relationship at issue arises from a contract. ECF No. 46, PageID.1806. Further, Plaintiff's claim is based on an alleged breach of a mortgage contract and other courts in the Eastern District of Michigan have held that actions related to mortgage foreclosure do not give rise to claims for emotional distress. *See Roche v. CitiMortgage, Inc.*, No. 14-11424, 2016 WL 5661580, at *9 (E.D. Mich. Sept. 30, 2016).

The Magistrate Judge addressed Defendants' fourth argument by examining the record and case law, finding that conspiracy by itself is not a cause of action and Plaintiff failed "to prove a separate, actionable tort." *Early Detection Ctr., P.C. v. N.Y. Life Ins. Co.*, 403 N.W.2d 830, 836 (Mich. 1986). Finally, Magistrate Judge Grand agreed with Defendants that interpleader was not appropriate because the record has established the identities of the relevant parties. ECF No. 46, PageID.1807.

## II.   Standard of Review

### a.   De Novo Review

Plaintiff filed ten objections[1] to the Magistrate Judge's Report and Recommendation. ECF No. 50. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

---

[1] There appears to be a discrepancy in the number of objections listed in the index and body of the Plaintiff's objections to the Report and Recommendation. While nine objections are listed in the index, it appears there are ten objections in the body.

"The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy," and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arns,* 474 U.S. 140, 147 (1985). As such, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has concluded that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds *by Jones v. Bock*, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection is too general if it merely restates the arguments previously presented or disputes the recommendation without specifying the findings the party believes to be in error. *Id. See also VanDiver v. Martin*, 304 F.Supp.2d 934 (E.D. Mich. 2004). Where a party fails to make specific objections, "[t]he functions of the district court are effectively duplicated as both the

10

magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "[F]ailure to file specific objections to a magistrate's report constitutes waiver of those objections," and the Court is not required to conduct a de novo review of the issues addressed by the magistrate. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). *See Thomas,* 474 U.S. at 149.

## III.   Analysis

Plaintiff raises ten objections to the Report and Recommendation. Each objection will be addressed in turn.

### a.   First Objection: The Complaint Adequately Stated a Claim for which Relief can be Granted

In her first objection, Plaintiff argues that there were several errors in the foreclosure proceedings including failure to post notice of adjournments of the sheriff's sale, fraudulent misrepresentations about the amount of debt Plaintiff owed, and alteration of loan payment records. ECF No. 50, PageID.1898-1900. Plaintiff further notes that Defendants have not "denied or offered any evidence" that her loan was not sold off when HSBC Holdings was forced to liquidate billions of dollars in assets. *Id.* at PageID.1899.

11

To begin, while Plaintiff's first objection appears to disagree with the recommendation of the magistrate judge's report, the objection fails to specify the findings Plaintiff believes to be in error. Instead, the objection restates Plaintiff's arguments and provides a factual overview of what she claims to be irregularities in the proceeding. For example, Plaintiff seems to argue that the Trustee could not foreclose because her loan was liquidated when HSBC was forced to liquidate "billions of dollars in assets" and Defendants have failed to offer evidence that Plaintiff's loan was not sold or charged off in that liquidation. ECF No. 50, PageID.1899. Despite the restatement of her argument, Plaintiff fails to address how the liquidation of a HSBC Euro High Yield Bond Fund is in any way related to the foreclosure of a mortgage assigned to HSBC Bank USA N.A.—a different entity. Plaintiff also fails to specify how the Trustee was not entitled to foreclose where both this Court and the Sixth Circuit have concluded that Defendant was indeed the proper party to initiate foreclosure. ECF No. 46, PageID.1789. In sum, Plaintiff does not specify any particular error in  Magistrate Judge Grand's interpretation of the case law or explain why the analysis in the Report and Recommendation is incorrect. *See Howard, 932 F.2d* at 508-09 ("The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

The Sixth Circuit has held that objections which "dispute[d] the correctness of the magistrate's recommendation but fail[ed] to specify the findings that she believed were in error," amount to general objections. *Miller*, 50 F.3d at 380. Because Plaintiff failed to file specific objections to the report, she has waived those objections and the right to de novo review by this court. *Howard*, 932 F.2d at 509. Despite Plaintiff's failure to submit specific objections, the Court finds that with regard to the issue of failure to state a claim Magistrate Judge Grand's Report and Recommendation is well-reasoned and correct.

As such, the first objection will be overruled.

### b. Second Objection: Hold Over After a Foreclosure by Advertisement

Next, Plaintiff contends she still has standing[2] to bring suit and the expiration of the redemption period does not divest the Court of its authority to adjudicate the claim. Plaintiff further argues the redemption period may be extended as a matter of equity,

---

[2] Plaintiff frames Magistrate Judge Grand's argument regarding the redemption period to be about standing. However, "standing" in this context is different than Article III standing. *Facione v. CHL Mortg. Tr. 2006-J1*, 628 Fed. App'x 919, 920-21 (6th Cir. 2015). Here, the standing as discussed by Magistrate Judge Grand implicates a merits issue: does Plaintiff have "standing" to challenge the foreclosure sale after the redemption period has lapsed? *Id.* at 921.

and her ex parte emergency motion to extend the redemption period is still pending.

First, Plaintiff claims that her emergency ex parte temporary restraining order to extend the redemption period is still pending in this Court because this Court remanded her case back to state court without issuing an order on the motion. ECF No. 50, PageID.1903. On October 22, 2019, Plaintiff filed her complaint in state court as well as an ex parte motion to extend the redemption period which was set to expire on November 7, 2019. The court denied the motion noting that Plaintiff did not show she was "entitled to an equitable extension of the redemption period on an ex-parte basis" as she failed to make a "clear showing of fraud or irregularity." ECF No. 10-3, PageID.389. After the state court denied the motion, Plaintiff removed the case to this court and filed an ex parte emergency motion for equitable extension of the redemption period. Case No. 19-13208, ECF No. 2. However, this Court remanded the case back to the Oakland County Circuit Court as there was no legal basis for the removal of Plaintiff's case to federal court. Case No. 19-13208, ECF No. 11, PageID.597. That case,  Case No. 19-13208, was closed on November 8, 2019.

On December 4, 2019, this action, Case No. 19-13569, commenced when Defendants removed the instant case to federal court. ECF No. 1.  For whatever reason, Plaintiff did not refile her ex parte

motion for extension of the redemption period in the newly removed case. Therefore, the ex parte motion is not pending as the previous, Case No. 19-13208, was closed in November of 2019 and the motion was never refiled. Plaintiff also chose not to file a motion for consolidation with the prior case, but such a motion would not have been granted in any event because it is not appropriate to consolidate the instant action with the closed case. *Northington v. Abdellatif*, 2020 WL 1808538, at *3 (E.D. Mich. Apr. 9, 2020).

Next, Plaintiff argues that a "mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." *Mfr. Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. 1985); ECF No. 50, PageID.1901. However, Plaintiff's reliance on *Snell* is misplaced, because any challenge to the validity of the foreclosure sale must occur before the redemption period lapses. *Derbabian v. Bank of Am., N.A.*, 587 Fed. App'x 949, 957 (6th Cir. 2014) (finding that the district court properly dismissed a claim despite the plaintiff's hold-over right because the redemption period had passed). Here, Plaintiff does not dispute that the redemption period expired on November 7, 2019 and at that point Plaintiff's rights in and to the property were extinguished. *See Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. Apr. 10, 2014). Because Plaintiff failed to challenge

the foreclosure before the redemption period expired, Plaintiff's interest in the property has been extinguished. *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 Fed. App'x 543, 549 (6th Cir. 2012); *Piotrowski v. State Land Off. Bd.*, 4 N.W.2d 514, 517 (Mich. 1942).

As Plaintiff did not redeem the property within the statutory redemption period, in order to have the foreclosure set aside, she must show that there was fraud or irregularity in the foreclosure proceedings. *El-Seblani v. IndyMac Mortg. Services*, 510 Fed. App'x 425, 428 (6th Cir. 2013) (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. 1969)). However, Plaintiff's remaining argument that the Court should extend the redemption period is also without merit because—as explored in the preceding section—Plaintiff failed to present sufficient evidence of fraud or irregularity. In addition to this Court's review of the record and Magistrate Judge Grand's recommendation, the state court also found that Plaintiff had failed to make a clear showing of fraud or irregularity when they denied her ex parte motion to extend the redemption period. ECF No. 51, PageID.1927 (referencing Ex. B to Motion to Dismiss).

Even if Plaintiff had established fraud or irregularity, the foreclosure would not be immediately void but only voidable. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). In order to nullify the foreclosure, Plaintiff must show that she was

16

prejudiced by Defendants' failure to comply with the requirements for foreclosure. *Id.* The complaint and objections do not show that Plaintiff would have been in a better position to preserve her interest in the property had Defendants complied with the statute. *Id.* at 337. Instead, Plaintiff merely restates the alleged irregularities and contends that Defendants' "concealment" prevented her from being able to attend and bid or file a lawsuit to stop the sale. This claim is not supported by the record. If anything, Plaintiff's filing for bankruptcy to "stop the sale," demonstrates her awareness that the sale was going to occur and, as Magistrate Judge Grand noted, "simply afforded her more time in the Property." ECF No. 46, PageID.1804. *See Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 242-43 (Mich. Ct. App. Oct. 16, 2014). Given Plaintiff's conclusory allegations of prejudice and failure to demonstrate fraud or irregularity, Plaintiff is not entitled to an extension of the redemption period or rescission of the foreclosure sale.

For the reasons stated above, the second objection will be overruled.

### c. Third Objection: Foreclosure Barred by Statute of Limitations

Plaintiff argues Defendants' attempt to foreclose the property is time-barred as the statute of limitations is ten years and has already run. She claims the period of limitation for an "action premised upon covenant in a mortgage of real estate" is ten years under

M.C.L. § 600.5807(4).[3] According to Plaintiff, since the ten-year statute of limitations began to run on June 5, 2007, Defendants' attempt to foreclose the mortgage on November 18, 2019 is barred.

In her objections, Plaintiff relies on *Visioneering Inc. Profits Sharing Tr. v. Belle River Joint Venture*, for the proposition that the proper period of limitations for Defendants' foreclosure action was ten years. 386 N.W.2d 185 (Mich. 1986). The reliance on *Visioneering* is misplaced as the defendant was appealing from the trial court's award of damages following the plaintiff's claim for a breach of a mortgage. *Id.* at 186. Here, unlike *Visioneering*, none of the defendants are seeking or have sought damages. Instead, Defendant Trustee brought an action to begin foreclosure proceedings.

The statute of limitations for foreclosure by advertisement is governed by M.C.L. § 600.5803. Actions to foreclose a mortgage on real property must be commenced "within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage." M.C.L. § 600.5803. *See Wishhart v. Fed. Nat. Mortg. Ass'n*, 2016 WL 3087703, at *4 (E.D. Mich. June 2, 2016). According to Plaintiff's own admission, she made her last payment in April of 2007. ECF No. 1, PageID.20. Therefore, the

---

[3] In the updated code, M.C.L. § 600.5807(5) is the subsection governing the period of limitations for "an action founded on a covenant in a deed or mortgage of real estate."

limitations period would not expire until April of 2022. As Defendants completed the foreclosure in May of 2019, within the applicable limitations period, the foreclosure is not time-barred.

The third objection will be overruled.

### d.   Fourth Objection: Violation of Automatic Stay

In her fourth objection, Plaintiff contends that Defendants violated the automatic stay, triggered by the filing of the bankruptcy petition, when they failed to cancel or post an adjournment notice of the sheriff's sale.

At the outset, this Court notes that Plaintiff's argument is difficult to follow and again fails to specify what findings by Magistrate Judge Grand she believes to be in error. *Miller*, 50 F.3d at 380. It appears, as Magistrate Judge Grand explains, that Plaintiff is arguing Defendants' adjournments "were actually attempts to collect a debt (in violation of the bankruptcy stay), as opposed to efforts by Defendants to respect the stay (by postponing the foreclosure sale)." ECF No. 46, PageID.1799. This argument is both illogical and not supported by case law. Nevertheless, this Court outlines below why Defendants complied with all necessary statutory requirements for notice and adjournment during and after the automatic stay.

Plaintiff received notice on November 7, 2018 that her loan was in default and would be foreclosed unless she repaid the debt

19

owed. ECF No. 1-1, PageID.224. Defendants posted notice of the foreclosure sale, as required by Michigan law. M.C.L. § 600.3220. After receiving notice of the foreclosure sale, Plaintiff filed for bankruptcy "to stop the sale." ECF No. 1-1, PageID. 25. Defendants provided proper notice of adjournment of the mortgage foreclosure sale while the bankruptcy claims were pending. ECF No. 10-2, PageID.378; M.C.L. 600.3220; *In re Glob. Technovations, Inc.*, 694 F.3d 705, 711 (6th Cir. 2012). Specifically, Trustee posted and published notices of the adjourned sheriff's sale each week from February 26, 2019 to May 7, 2019. ECF No. 1-1, PageID.258, ECF No. 10-2, PageID.370-87; *Worthy v. World Wide Fin. Servs., Inc.*, 347 F.Supp.2d 502, 511 (E.D. Mich. 2004) ("Under the law, a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of adjournment every week.").

Contrary to Plaintiff's arguments, Defendants did not violate the automatic stay by postponing the foreclosure sale until after the dismissal of the bankruptcy case. *Worthy*, 347 F.Supp.2d at 508 (holding "that a postponement of a sheriff's sale in accordance with state law does not violate 11 U.S.C. § 362."). In fact, the adjournment of the sheriff's sale is evidence of Defendants' compliance with the automatic stay as it afforded Plaintiff "a breathing spell" as she was given more time in the property. *Id.* (quoting *In re Fine*, 285

B.R. 700, 702 (Bankr. D. Minn. 2002). Plaintiff does not show that any judgments were enforced, property repossessed, or liens perfected present any against her while the bankruptcy claims were pending,  nor does she offer any other evidence that Defendants violated the automatic stay. *In re Glob. Technovations*, 694 F.3d at 711.

Defendants were also not required to publish new notice of the foreclosure sale after the period of adjournment was over. *Drew v. Kemp-Brooks*, 802 F.Supp.2d 889, 895-96 (E.D. Mich. 2011) (quoting *Worthy*, 347 F.Supp.2d at 511 (E.D. Mich. 2004)). Nevertheless, even if Defendants had been required to republish notice, Plaintiff does not allege any prejudice that resulted from the alleged failure to republish. *Spadafore v. Aurora Loan Services, LLC*, 564 Fed. App'x 168, 172 (6th Cir. 2014) (finding the foreclosure sale could not be set aside based on allegations that the defendant adjourned the sale without republishing notice because the plaintiff had timely notice of the proceedings and sale yet failed to block the sale or redeem the property). Again, based on Plaintiff's pleadings and the fact that she filed for bankruptcy, it appears Plaintiff was aware of the foreclosure sale and the adjournment only afforded her more time with the property. As Plaintiff is unable to establish any defects or actionable prejudice during or after the pendency of her

bankruptcy proceedings, she has not presented enough to set aside the foreclosure.

The fourth objection will be overruled.

### e. Fifth Objection: Failure to Comply Due to Concealment

Plaintiff next argues that Defendants concealed the May 7 sheriff's sale from her. As a result of this alleged concealment, Plaintiff claims she was denied her last chance to file the proper documents to extend the redemption period.

As discussed in the preceding section, Defendants complied with all notice requirements. Plaintiff received another notice on November 7, 2018 that her loan was in default. ECF No. 1-1, PageID.224. Trustee also noticed the foreclosure sale. ECF No. 1-1, PageID.270. By Plaintiff's own admission, she was aware of the foreclosure sale as she filed bankruptcy "to stop the sale." ECF No. 1-1, PageID.25. Additionally, Defendants posted in the Detroit Legal News a notice that stated the adjournment period was to end on May 7, 2019. ECF No. 10-2, PageID.387. The record does not support Plaintiff's claim that Defendants concealed the May 7 sale because Defendants posted the required notices, including one that noted the end date of the adjournment period.

Plaintiff's assertion that Defendants concealed the May 7 sale is unsupported. As such, Plaintiff's fifth objection will be overruled.

22

### f. Sixth Objection: Roger St. Jean Not Properly Appointed

Plaintiff contends Roger St. Jean was not properly appointed as a deputy sheriff, as required by Michigan's foreclosure statute, and therefore was not authorized to conduct a foreclosure sale.

In her objection, Plaintiff's fails explain what was improper about the appointment of St. Jean. While Plaintiff quotes two statutes, she does not present any evidence or support for the idea that the appointment was improper. Neither M.C.L. § 600.3216 nor M.C.L. § 51.70 require the appointment of sheriffs to be filed with the county clerk's office. As Plaintiff fails to properly explain how St. Jean's appointment was illegitimate, her objection should be overruled.

Even if Roger St. Jean was not properly appointed to conduct the sheriff's sale, Plaintiff once again fails to demonstrate how she was prejudiced by the improper appointment. *Kim*, 825 N.W.2d at 337. Plaintiff does not even address prejudice in her objection regarding St. Jean, much less show that she would have been in a better position to preserve her interest in the property had St. Jean been "properly" appointed. *Id.* As Plaintiff has made no showing of the prejudice she experienced as the result of the alleged improper appointment of St. Jean as a deputy sheriff, the foreclosure may not be set aside.

23

The sixth objection will be overruled.

### g.    Seventh Objection: Prejudice

While Plaintiff concedes that prejudice is a requirement to set aside a foreclosure sale, she argues she was prejudiced by the errors in the proceeding because they prevented her from challenging the sale. Plaintiff further argues Defendants' concealment prevented her from attending or bidding on her property during the foreclosure sale. After Defendants sold the property, Plaintiff asserts she was prejudiced by the triggering "emotional event" and was unable to concentrate at her job. Finally, in her objection Plaintiff asserts the Magistrate Judge failed to evaluate whether Defendants created a prepayment penalty when the claimed the amount owed on the property was $457,190.68. According to Plaintiff, this was a $276,307.20 surplus, but Defendants did not have a right to collect future interest in the foreclosure bid as "amounts due" when they accelerated the note.

Under Michigan law, a mortgagor may file suit to "set aside the sale based on defects or irregularities in the foreclosure process." *Spadafore*, 564 Fed. App'x at 171 (referencing *Kim*, 825 N.W.2d at 337). However, defects or irregularities in the proceedings only render the sale voidable as opposed to void. *Id.* "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Mich. Comp. Laws §

600.3204]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* (quoting *Kim*, 825 N.W.2d at 337).

As discussed in each of the proceeding sections, Plaintiff has failed to establish any defect or irregularity in the foreclosure proceedings. However, even if Plaintiff could establish a defect or irregularity, she has not demonstrated that any of the purported errors would have put her in a better position to preserve the property. *Kim*, 825 N.W.2d at 337. Plaintiff had timely notice of both the foreclosure proceedings, adjournment, and the sheriff's sale, but did not make any effort to block the sale or redeem the property. *Spadafore*, 564 Fed. App'x at 172.

Further, Plaintiff fails to demonstrate what she would have done differently had the defects or irregularities she alleges occurred. Plaintiff claims that the lack of notice of the May 7 sale rendered "challenging the sale impossible" and that the sale "triggered an emotional event" which prevented her from being able to perform her work as a paralegal. ECF No. 50, PageID.1913,1915. However, neither of these explanations show that Plaintiff would have been in any better position to keep the property had the alleged defects not occurred. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714

F.3d 355, 362 (6th Cir. 2013). In fact, Plaintiff was given the opportunity to redeem the property after the sheriff's sale and failed to do so. *Rush v. Mac*, 792 F.3d 600, 604 (6th Cir. 2015) ("They received an opportunity for six months to become current on the loan and avoid foreclosure."). Plaintiff has failed to demonstrate how she lost a potential opportunity to preserve her interest in the property because of any alleged defects or irregularities.

Plaintiff also argues the credit bid included a surplus of $276,307.20, which constitutes an "impermissible prepayment penalty," because she only borrowed $178,500 in 2006. ECF No. 50, PageID.1916. The facts in the record do not support Plaintiff's argument as there is no indication the "surplus" is the result of anything other than the loan balance growing because Plaintiff failed to pay both the principal and interest on the loan for 13 years. ECF No. 1-1, PageID.224 (A notice provided to Adelson in November of 2018 noting that the unpaid interest on the loan was $210,669.86).

The case law Plaintiff cites also does not support the proposition that the Trustee's bid included a surplus amount Defendants were not entitled to. To take just one example, *Bank of Three Oaks v. Lakefront Properties* only stands for the proposition that a mortgagee is not liable for "interest, taxes, and insurance premiums accruing between the date of the sale and the date the redemption period expired." 444 N.W.2d 217, 219 (Mich. Ct. App. July 18, 1989).

26

Here, Plaintiff is only contesting the amount bid—not any amount that accrued between the May 7 sale and the expiration of the redemption period. In fact, in *Bank of Three Oaks* the debt was satisfied because the property was purchased at the foreclosure sale for "an amount equal to the amount due on the mortgage." *Id.* at 219. The successful bid included "the amount of principal and interest owing to the Bank on the Note and Mortgage as of that date, plus the costs of foreclosure and statutory attorneys fees related to the foreclosure." *Id.* at 218. The same is true in the present case as the Trustee's bid was inclusive of unpaid interest and other charges that accrued while Plaintiff failed to make any payments. Plaintiff has presented no evidence to the contrary.

For the reasons stated above, Plaintiff's seventh objection will be overruled.

### h. Eighth Objection: Defendants Violated FDCPA

Plaintiff next contends that Ocwen is a debt collector because it has treated Plaintiff's loan as if it was in default from the time it began servicing the loan. According to Plaintiff, as a debt collector, Ocwen was subject to the FDCPA.

Liability for violations of the FDCPA can only attach to those who meet the statutory definition of a "debt collector." *Montgomery*

*v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the Act exempts one that is "collecting or attempting to collect any debt owed" which "originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). Further, the Sixth Circuit has determined that Congress did not intend for the statutory definition of debt collector to cover "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]" *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012) (quoting S. Rep. 95–382, 95th Cong. 1st Session 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1698 (1977)).

Plaintiff has failed to present any evidence to support the claim that Ocwen treated Plaintiff's loan as if it was in default from the time it began servicing the loan. In fact, the record shows the opposite: According to Plaintiff's own complaint, Ocwen sent her "notification it had been assigned Sebring mortgage servicing rights" and that future payments should be directed to them on December 19, 2006. ECF No. 1-1, PageID.20. Plaintiff also admits that

28

"from January 2007 through April 2007 she made payments to Ocwen." *Id.* The Notice of Default attached to Plaintiff's complaint is dated April 4, 2007, which is months after Plaintiff received notice that Ocwen would be servicing the loan. Therefore, based on the facts as alleged in Plaintiff's own complaint, the loan was not in default when Ocwen began servicing it. As Plaintiff has presented no other evidence to dispute this assertion, Ocwen cannot be found to be a debt collector under the FDCPA.

The eighth objection will be overruled.

### i. Ninth Objection: Emotional Distress

Plaintiff argues she suffered emotional distress when Defendants conducted an improper foreclosure that resulted in the selling of her property.

To begin, Plaintiff's objection fails to dispute the recommendation with any specific findings she believes to be in error. *Miller*, 50 F.3d at 380. Plaintiff fails to address Magistrate Judge Grand's discussion of Michigan law, finding that claims of intentional infliction of emotional distress are generally not cognizable where the relationship at issue is contractual. The Report and Recommendation also notes that other courts in this district have found "actions associated with mortgage foreclosure do not give rise to a claim for intentional infliction of emotional distress," which Plaintiff fails to dispute. ECF No. 46, PageID.1806 (referencing *Hajciar v. Crawford*

*and Co.*, 369 N.W.2d 860 (Mich. Ct. App. Feb. 22, 1985); *Roche v. CitiMortgage, Inc.*, No. 14-11424, 2016 WL 5661580, at *9 (E.D. Mich. Sept. 30, 2016)). Instead, Plaintiff merely restates that the "sale of her home caused her to experience anger, anxiety, and depression." ECF No. 50, PageID.1920. Because Plaintiff failed to identify any errors in the Magistrate Judge's Report and Recommendation, this Court is not required to conduct a de novo review of the issue. *Cowherd*, 380 F.3d at 912. Despite Plaintiff's failure to submit specific objections, the Court finds that with regard to Plaintiff's emotion distress claim Magistrate Judge Grand's Report and Recommendation is well-reasoned and correct.

Plaintiff's ninth objection will be overruled.

### j. Tenth Objection: Conspiracy

Finally, Plaintiff contends Defendants defrauded her of the property at issue by falsifying records as part of a scheme to conduct a wrongful foreclosure. As such, Plaintiff asserts that she has adequately pled a civil conspiracy claim.

"Under Michigan law, 'a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate actionable tort.'" *Petroleum Enhancer, LLC v. Woodward*, 558 Fed. App'x 569, 580 (6th Cir. 2014) (quoting *Early Detection Ctr., P.C. v. N.Y. Life Ins. Co.*, 403 N.W.2d 830, 836 (Mich. 1986)). While Plaintiff discusses a "fraudulently inflated sale price," "false information," "a

scheme," "falsified records," and " false affidavits," her objection fails to identify the underlying tort in her civil conspiracy claim. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.3d 569, 580 (Mich. Ct. App. July 3, 2003) ("[P]laintiffs simply failed to establish the underlying tort because they failed to establish any unlawful purpose or unlawful means in defendants' actions.").

Plaintiff cites to *Aetna Cas. Sur. Co. v. P&B Autobody* to support her assertion that she has properly alleged a conspiracy claim. 43 F.3d 1546, 1564 (1st Cir. 1994). However, the First Circuit in *Aetna* was discussing civil conspiracy causes of action under Massachusetts law—not Michigan. *Id.* at 1563. Because *Aetna* is inapplicable to the current case and Plaintiff has not articulated the tort underlying her claim of civil conspiracy, the claim should be dismissed.

Given the above, the tenth objection will be overruled.

## IV. Conclusion

After a *de novo* review of the record and the materials submitted by the parties, the Court concludes Magistrate Judge Grand properly reviewed the record and applied the correct law in reaching his conclusion. For the reasons set forth above, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is

**ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Defendants' Motion to Dismiss (ECF No. 10), is **GRANTED**. Plaintiff's Motions to Strike and "Correct Docket" are **DENIED** (ECF Nos. 32, 37).

This matter is therefore **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:  November 10, 2020    s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE