UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY B. ADELSON,

               Plaintiff,          Civil Action No. 19-13569
                                           Honorable Terrence G. Berg
v.                                       Magistrate Judge David R. Grand

OCWEN LOAN SERVICING, LLC, *et al.*,

               Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
THE TROTT DEFENDANTS' MOTION TO DISMISS
(ECF No. 33) AND TO DENY PLAINTIFF'S AMENDED
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 43)**

This action was commenced by plaintiff Wendy Adelson ("Adelson") against a number of defendants who Adelson claims violated her rights in connection with the foreclosure of her home. On August 20, 2020, this Court issued a Report and Recommendation (the "R&R")[1] to dismiss Adelson's claims against most of the defendants. (ECF No. 46). On November 10, 2020, the Honorable Terrence G. Berg adopted the R&R over Adelson's objections. (ECF No. 52).

The R&R did not address Adelson's claims against Defendants Trott Law, P.C. and two of its current or former attorneys, Heide Myszak and Michael McDermott (collectively the "Trott Defendants"), who, on May 6, 2020, had filed a motion to dismiss Adelson's

---

[1] An Order of Reference was entered on December 30, 2019, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 14).

complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] (ECF No. 33). On July 29, 2020, Adelson filed a response to the Trott Defendants' motion, and the Trott Defendants filed a reply on August 12, 2020. (ECF Nos. 40, 45).

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

I.  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Trott Defendants' Motion to Dismiss **(ECF No. 33)** be **GRANTED** and Adelson's Amended Motion for Judgment on the Pleadings **(ECF No. 43)** be **DENIED**.

II. **REPORT**

   A.  **Factual Background**[3]

      *1.  The Loan*

On or about September 26, 2006, Adelson accepted a $178,500 loan (the "Loan") from Sebring Capital Partners ("Sebring"), secured by a mortgage (the "Mortgage") on real property located at 3630 Waldon Road in Lake Orion, Michigan (the "Property"). (ECF No. 1-1, PageID.19). Adelson granted the Mortgage to Mortgage Electronic Registration

---

[2] In their motion, the Trott Defendants, in addition to asserting some of their own arguments, expressly adopted the ones set forth in their co-defendants' earlier-filed motion to dismiss. (ECF No. 10).

[3] Much of this case's factual background was set forth in detail in this Court's August 20, 2020 R&R, as well as Judge Berg's November 10, 2020 Order adopting the R&R. (ECF Nos. 46, 52). The Court incorporates herein by reference the factual background provided in the R&R and Order and will focus on those facts relevant to Adelson's claims against the Trott Defendants.

Systems, Inc. ("MERS"), as nominee for Sebring and its successors and assigns. (*Id.*, PageID.71).

Ocwen[4] became the servicer of the Loan in December 2006. (ECF No. 1-1, PageID.20). On December 19, 2006, Ocwen mailed Adelson a "Notice of Assignment, Sale, or Transfer of Servicing Rights." (*Id.*, PageID.92). The Notice advised Adelson that the servicing of the Loan – "that is the right to collect payments from you" – had been transferred to Ocwen, and it noted that this transfer "does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan." (*Id.*). The Notice also advised Adelson that "[e]ffective 12/15/2006 please direct your monthly mortgage payments to your new Servicer, Ocwen." (*Id.*). On June 5, 2007, MERS assigned the Mortgage (the "Assignment") to HSBC Bank USA, NA as Trustee on behalf of Ace Securities Corporation Home Equity Loan Trust (the "Trustee"). (*Id.*, PageID.150).

        2.     *Adelson's Default and the 2007 Lawsuit*

Adelson stopped making payments to Ocwen in early 2007. (*Id.*, PageID.20). Following Adelson's default, Ocwen issued her a Notice of Default, and advised her that if she did not timely cure it, Ocwen could "exercise [its] right to foreclose on [her] property." (*Id.*, PageID.20, 106-07). On July 27, 2007, Adelson challenged Ocwen's servicing of the Loan and the initiation of foreclosure proceedings by filing a complaint against Ocwen and the Trustee in the Oakland County Circuit Court. Ocwen and the Trustee removed Adelson's complaint to this Court, where it was assigned Case No. 07-

---

[4] Ocwen, a named defendant and the Loan's prior servicer, merged into PHH Mortgage Corporation, the Loan's current servicer, on June 1, 2019.

3

13142. Over the course of the next several years, Adelson's complaint wound its way through various courts, including this Court, the U.S. District Court for the Northern District of Illinois (as part of a multi-district litigation), and the Sixth Circuit Court of Appeals.

### 3. *The Foreclosure Now at Issue*

After the Sixth Circuit ruled against Adelson on August 20, 2018, Ocwen – via a November 7, 2018 notice sent by its attorney, Defendant Trott Law, P.C. ("Trott") – advised Adelson that the Loan remained in default and would be foreclosed unless she repaid the debt.[5] (*Id.*, PageID.224). Adelson did not repay the Loan and, in January 2019, the Trustee noticed a foreclosure sale for February 26, 2019. (*Id.*, PageID.272-73).

By her own admission, Adelson "filed bankruptcy on February 22, 2019, to stop the sale" (*Id.*, PageID.25), but her bankruptcy case was quickly dismissed because she failed to file the required Chapter 13 Plan and related documents (*see* U.S. Bankruptcy Court for the Eastern District of Michigan Case No. 19-42478). The foreclosure sale was adjourned from week to week during the pendency of Adelson's bankruptcy proceedings. (ECF No. 1-1, PageID.270; ECF No. 10-2, PageID.370-387). At a May 7, 2019 Sheriff's Sale, the Trustee purchased the Property for $457,190.68. (ECF No. 1-1, PageID.270).

### 4. *The Instant Litigation*

On October 22, 2019 – nearly six months after the Sheriff's Sale – Adelson filed a complaint in the Oakland County Circuit Court (the "State Court") against Ocwen, the

---

[5] By this time, Adelson had been living on the Property for more than eleven years without making any payments on her Loan.

Trustee, and the Trott Defendants. That same day, Adelson filed an *ex parte* motion seeking to extend the redemption period that was set to expire on November 7, 2019. On October 29, 2019, the State Court denied Adelson's motion because she did not demonstrate:

> … that she is entitled to an equitable extension of the redemption period on an ex-parte basis because she has not made a clear showing of fraud or irregularity, especially considering the litigious history of the transactions and occurrences alleged in this matter.

(ECF No. 10-3, PageID.389).

On October 31, 2019, Adelson attempted to remove the State Court case to this Court, where it was assigned Case No. 19-13208. On November 8, 2019, the Court remanded the proceedings to State Court because "a plaintiff who chooses to file an action in state court cannot later remove to federal court." (Case No. 19-13208, ECF No. 11, PageID.598). Thus, Case No. 19-13208 was closed on November 8, 2019.

On December 4, 2019, the Trustee and PHH, as successor by merger to Ocwen, filed their Notice of Removal, removing Adelson's State Court case to this Court. (ECF No. 1). Subsequently, the Trott Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6), arguing that Adelson's complaint fails to state a claim against them. (ECF No. 33).

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion

5

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim

6

for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### C. Analysis

In her Complaint, Adelson alleges that "All Defendants" – apparently including the Trott Defendants – violated the Fair Debt Collection Practices Act ("FDCPA") in foreclosing the Mortgage.[6] (ECF No. 1-1, PageID.53-60). For the reasons set forth below, such a claim fails against the Trott Defendants.

Adelson alleges that the Trott Defendants violated the FDCPA when they mailed a notice to her on November 7, 2018, advising her that the Loan remained in default and would be foreclosed unless she repaid the debt. (*Id.*, PageID.224). Adelson claims that, in doing so, the Trott Defendants violated the FDCPA by sending a "form" debt collection letter that falsely implied that an attorney had meaningfully reviewed the case.[7] (*Id.*, PageID.55-56). The problem for Adelson, however, is that she cannot show that the Trott Defendants violated the FDCPA because they are not "debt collectors" within the meaning

---

[6] Although Adelson's Complaint contains seven counts, only four of them are pled against the Trott Defendants – the FDCPA claim addressed herein, as well as claims for intentional infliction of emotional distress, conspiracy, and "interpleader." In its prior R&R, the Court explained why Adelson's claims for intentional infliction of emotional distress, conspiracy, and interpleader fail as a matter of law. (ECF No. 46, PageID.1806-1807). Rather than repeating those analyses, the Court incorporates them herein by reference.

[7] Adelson's FDCPA count also contains a one-sentence reference to a Michigan statute. She alleges: "MCL 445.252(a) prohibits 'communication with a debtor in a misleading or deceptive manner, such as using the stationery of any attorney … unless the regulated person is an attorney….'" (ECF No. 1-1, PageID.56). Although the letter Adelson references is not signed by a specific Trott Law attorney, it is drafted on Trott Law letterhead and specifically indicates that "[a]n attorney has reviewed information supplied by our client in preparation of this letter." (*Id.*, PageID.224). MCL 445.252(a) does not mention signatures, and Adelson alleges no facts from which it can be inferred that this letter was "misleading" or "deceptive" in any way.

7

of that statute.[8]

A plaintiff bears the burden of establishing that a defendant is a debt collector under the FDCPA. *See Golliday v. Chase Home Finance, LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011). The FDCPA defines the term "debt collector" as meaning:

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. **For the purpose of section 1692f(6)** of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6) (emphasis added).

In *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), the United States Supreme Court recently held that under the above definition, "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id.* at 1038. The Court essentially broke Section 1692a(6)'s definition into two – (1) a "limited purpose" definition (bolded above) for claims brought under Section 1692f(6) (which are not at issue as to the Trott Defendants), and (2) a "primary definition" for claims

---

[8] Adelson also alleges that the Trott Defendants violated the FDCPA by "continuing collection activity during the 30 day dispute period and allegedly adjourning the February 26, 2019 Sheriff Sale after Plaintiff filed for Chapter 13 Bankruptcy relief and failing to restart its foreclosure action following the dismissal of the bankruptcy." (ECF No. 40, PageID.1611). But, this Court has already held that the defendants did not violate the law by postponing the foreclosure sale until after the dismissal of the bankruptcy case. (ECF No. 46, PageID.1799; ECF No. 52, PageID.1960-1963). Thus, this argument is without merit.

brought under all other sections of the FDCPA – and held that they could only be harmonized by concluding that attorneys involved in non-judicial, statutory foreclosures are only "debt collectors" under the limited purpose definition, *i.e.*, only for claims brought under Section 1692f(6):

> As a preliminary matter, we concede that if the FDCPA contained *only* the primary definition, a business engaged in nonjudicial foreclosure proceedings would qualify as a debt collector for all purposes. We have explained that a home loan is an obligation to pay money, and the purpose of a mortgage is to secure that obligation. [] Foreclosure, in turn, is "the process in which property securing a mortgage is sold to pay off the loan balance due." 2 Dunaway § 15:1. In other words, foreclosure is a means of collecting a debt. And a business pursuing nonjudicial foreclosures would, under the capacious language of the Act's primary definition, be one that "regularly collects or attempts to collect, directly or indirectly, debts." § 1692a(6).
>
> It is true that, as [the attorney defendant] points out, nonjudicial foreclosure does not seek "a payment of money *from the debtor*" but rather from sale of the property itself. [] But nothing in the primary definition requires that payment on a debt come "from a debtor." The statute speaks simply of the "collection of any debts ... owed or due." § 1692a(6). Moreover, the provision sweeps in both "direc[t]" and "indirec[t]" debt collection. [] So, even if nonjudicial foreclosure were not a *direct* attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an *indirect* attempt to collect a debt.
>
> The Act does not, however, contain only the primary definition. And the limited-purpose definition poses a serious, indeed an insurmountable, obstacle to subjecting [the attorney] to the main coverage of the Act. It says that "*[f]or the purpose of section 1692f(6)*" a debt collector "*also*" includes" a business, like [the defendant attorney], "the principal purpose of which is the enforcement of security interests." § 1692a(6) (emphasis added). This phrase, particularly the word "also," strongly suggests that one who does no more than enforce security interests does not fall within the scope of the general definition. Otherwise why add this sentence at all?

9

*Obduskey*, 139 S. Ct. at 1036-37 (emphasis in original).

Under this binding Supreme Court precedent, because the Trott Defendants are alleged to have "engage[d] in only nonjudicial foreclosure proceedings" with respect to Adelson's Property, they are not debt collectors within the meaning of the FDCPA and, thus, are not subject to its provisions and restrictions. *Id.* at 1038. Indeed, numerous other courts in this district have followed *Obduskey* and have dismissed FDCPA claims brought against law firms based on similar actions taken in the initiation of nonjudicial, statutory foreclosure proceedings. *See, e.g., Bates v. Green Farms Condominium Ass'n*, No. 18-13533, 2019 WL 4073395, at *3 (E.D. Mich. Aug. 29, 2019); *Garland v. Orlans PC*, No. 18-11561, 2020 WL 2542036, at *2-7 (E.D. Mich. May 19, 2020).

Accordingly, Adelson's FDCPA claim against the Trott Defendants fails as a matter of law and should be dismissed.[9]

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Trott Defendants' Motion to Dismiss **(ECF No. 33)** be **GRANTED** and Adelson's Amended Motion for Judgment on the Pleadings **(ECF No. 43)** be **DENIED**.

| | |
|---|---|
| Dated: November 30, 2020<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

---

[9] On August 3, 2020, Adelson filed an Amended Motion for Judgment on the Pleadings, arguing that judgment should be entered in her favor on the counts pled against the Trott Defendants (Counts II, IV, V, and VII). (ECF No. 43). A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) requires the Court to apply the same standards as a motion to dismiss brought under Rule 12(b)(6). *See Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Here, where for all of the reasons explained above, Adelson has failed to state a claim against the Trott Defendants, her motion for judgment on the pleadings **(ECF No. 43)** should be **DENIED**.

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2020.

                                                                s/Eddrey O. Butts
                                                                EDDREY O. BUTTS
                                                                Case Manager