UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WENDY B. ADELSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **OCWEN LOAN SERVICING, LLC, et al.**, <br><br> Defendants. | 2:19-cv-13569-TGB-DRG <br><br> HON. TERRENCE G. BERG <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 55), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 33) AND DENYING PLAINTIFF'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 43)** |

Plaintiff Wendy Adelson filed the present action to set aside foreclosure and quiet title to real property. Thereafter, Defendant filed a motion to dismiss the Complaint and this Court adopted the Report and Recommendation of Magistrate Judge Grand—over Adelson's objections—which dismissed Adelson's claims against many Defendants. ECF No. 46. However, that Report and Recommendation did not address Adelson's claim with regard to Defendants Trott Law, P.C., and two of its attorneys, Heide Myszak and Michael McDermott ("Trott Defendants"), who also filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 33. Therefore, Magistrate Judge Grand filed a report on November 30, 2020, recommending that Defendant's Motion to

1

Dismiss be granted. ECF No. 55. Plaintiff filed timely objections. ECF No. 58. The Court has reviewed Magistrate Judge Grand's Report and Recommendation and Plaintiff's objections thereto.

For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

## I. Background

The factual background of this case is outlined in detail in this Court's previous order (ECF No. 52), as well as the Report and Recommendation (ECF No. 55). Therefore, the Court incorporates by reference the factual background provided in the previous Orders from this case.

In short, in September of 2006, Plaintiff accepted a $178,500 loan from Sebring Capital Partners ("Sebring"), which was secured by a mortgage, on real property located in Michigan. ECF No. 1-1, PageID.19. In December of 2006, Ocwen became the servicer of the loan. Ocwen mailed a "Notice of Assignment, Sale, or Transfer of Servicing Rights" to Plaintiff that advised her that the servicing of the loan was transferred, noted the terms of her mortgage were unchanged, and directed her to make her monthly mortgage payments to her new servicers. *Id.* at PageID.92. Subsequently, Mortgage Electronic Registration Systems, Inc.("MERS") assigned its mortgage interest to HSBC Bank USA, NA

("HSBC") as Trustee on behalf of Ace Securities Corporation Home Equity Loan Trust ("ACE"). *Id.* at PageID.150.

Beginning in early 2007, Plaintiff stopped making payments to Ocwen. ECF No. 1-1, PageID.20. Following Plaintiff's default on her payments, the loan was referred to foreclosure. HSBC published a foreclosure notice on June 5, 2007 and scheduled a sheriff's sale for July 3, 2007. Plaintiff then filed a complaint challenging the initiation of foreclosure proceedings against Ocwen and Trustee in Oakland County Circuit Court on July 27, 2007. The case was then removed to this Court and assigned Case No. 07-13142.

As described in the Report and Recommendation, "[o]ver the course of the next several years, Adelson's complaint wound its way through various courts, including this Court, the United States District Court for the Northern District of Illinois (as part of a multi-district litigation), and the Sixth Circuit Court of Appeals." ECF No. 55, PageID.1980. In November of 2018, after the Sixth Circuit ruled against Adelson, Ocwen sent notice to Plaintiff that the loan remained in default and would be foreclosed upon unless the debt was repaid. ECF No. 1-1, PageID.224. After Plaintiff did not repay the loan, the Trustee noticed the foreclosure sale for February 26, 2019. *Id.* at PageID.272-73. On February 22, 2019, Plaintiff filed for bankruptcy to stop the sale, but her bankruptcy case was dismissed because she failed to file the required documents. During the pendency of Plaintiff's bankruptcy proceedings, the foreclosure sale

was adjourned. ECF No. 1-1, PageID.270; ECF No. 10-2, PageID.370-387. Following the dismissal of the bankruptcy case, the Trustee purchased the property for $457,190.68 on May 7, 2019 at the sheriff's sale. ECF No. 1-1, PageID.270.

Six months after the sheriff's sale, Plaintiff filed a complaint against Ocwen, the Trustee, Trott, and two Trott attorneys in Oakland County Circuit Court. ECF No. 1-1, PageID.16. Plaintiff also filed an ex parte motion to extend the redemption period, which was set to expire on November 7, 2019. The State Court denied Plaintiff's ex parte motion, finding that Plaintiff failed to demonstrate that she was entitled to an equitable extension because she did not make "a clear showing of fraud or irregularity." ECF No. 10-3, PageID.389.

On October 31, 2019, two days after the State Court denied her motion, Plaintiff attempted to remove the proceedings to this Court. Case No. 19-13208. The Court remanded the proceedings to State Court because "a plaintiff who chooses to file an action in state court cannot later remove to federal court," and the case was subsequently closed on November 8, 2019. Case No. 19-13208, ECF No. 11, PageID.598.

Defendant Trustee and PHH, the successor by merger to Ocwen, filed a Notice of Removal on December 4, 2019. ECF No. 1. The Trott Defendants then filed the instant motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). ECF No. 33.

Magistrate Judge Grand then recommended that the Trott Defendants' Motion to Dismiss (ECF No. 33) be granted, and Plaintiff's Amended Motion for Judgment on the Pleadings (ECF No. 43) be denied. ECF No. 55, PageID.1987.

## II. STANDARD OF REVIEW

Plaintiff filed eleven objections[1] to the Magistrate Judge's Report and Recommendation. ECF No. 58. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

"The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy," and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arns*, 474 U.S. 140, 147 (1985). As such, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all

---

[1] There is a discrepancy in the number of objections listed in the Table of Contents and those outlined in the Plaintiff's brief at ECF No. 58, PageID.2026-27.

5

the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has concluded that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds *by Jones v. Bock*, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection is too general if it merely restates the arguments previously presented or disputes the recommendation without specifying the findings the party believes to be in error. *Id. See also VanDiver v. Martin*, 304 F.Supp.2d 934 (E.D. Mich. 2004). Where a party fails to make specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "[F]ailure to file specific objections to a magistrate's report constitutes waiver of those objections," and the Court is not required to conduct a de novo review of the issues addressed by the magistrate. *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004). *See Thomas,* 474 U.S. at 149.

## III. ANALYSIS

Plaintiff raises eleven objections to the Report and Recommendation. Many of Plaintiff's objections merely re-assert arguments from the Complaint without identifying any specific determinations of fact that the magistrate judge allegedly made in error, or without citing any legal authority to contradict the magistrate judge's conclusions. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). While several headings make conclusory statements regarding the magistrate judge's review, often there is no evidence, support, or examples of how the Report and Recommendation misapplied the standards or law at issue. Instead, many of the objections merely repeat the arguments and contentions outlined in the original complaint. For example, Plaintiff's fourth objection reasserts the facts as presented in the Complaint regarding acceleration and notice, but—aside from the heading—there is not a single reference to the Report and Recommendation or the magistrate judge's reasoning. This is not the proper form or purpose of objections. *See Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal

7

Rule of Civil Procedure 72.") (referencing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff's first objection is another example of this improper form. Instead of outlining any argument, factual basis, or legal authority which contradict the conclusions reached by Magistrate Judge Grand, Plaintiff simply asserts that he disregarded the standard of Rule 12(b)(6) and then quotes verbatim from the original Complaint alleging that Plaintiff was not in default. *See* ECF No. 58, PageID.2030; ECF No. 1-1, PageID.33. But as stated, the Sixth Circuit is clear that proper objections must do more than summarize previous arguments or make general objections to the applied reasoning. Accordingly, Plaintiff's first, fourth, fifth, sixth, seventh, eighth, and tenth objections are overruled because they merely summarize information previously presented in the Complaint without identifying any errors in the magistrate judge's application of the facts or the law.

There are also several objections which appear to be aimed at parties who were previously dismissed from this actions, motions which have already been resolved, or Reports and Recommendations which have already been adopted. For example, Plaintiff's first objection only discusses allegations related to Ocwen—a defendant that was dismissed from this action on November 10, 2020. ECF Nos. 52, 54. The objection fails to provide any connection—much less name or reference—to the

8

Trott Defendants, whose motion to dismiss is currently at issue. The objection also improperly references Magistrate Judge Grand's Report and Recommendation from August 20, 2020. *See* ECF No. 58, PageID.2029. Not only are any objections to the reasoning applied in the August Report and Recommendation untimely, but this Court has already addressed in detail such previous objections, overruled them, and adopted its reasoning in a written Order. *See* ECF No. 52.

In addition to failing to comply to the proper form, there are many objections rehashing arguments and objections that this Court has already addressed. *See* ECF No. 52. Plaintiff's second objection contends that the magistrate judge misapplied applicable legal standards and that Ocwen is in fact a debt collector under the FDCPA. But, Plaintiff has already presented this objection as to Ocwen and the Court has already addressed this argument fully in its previous Order. *See* ECF No. 52, PageID.1968-1970. Further, there are no facts, arguments, or legal authority in the second objection which contradict—or even challenges— the Magistrate Judge's analysis regarding the Trott Defendants, who only are alleged to have engaged in "nonjudicial foreclosure proceedings," with respect to the property at issue. ECF No. 55, PageID.1986.

The same can be said of Plaintiff's third objection regarding the conspiracy claim. While the objection acknowledges that a claim of civil conspiracy under Michigan law requires "a separate actionable tort," it

9

still fails to identify what the underlying tort in her civil conspiracy claim actually is. *See* ECF No. 52, PageID.1971-72. And Plaintiff's ninth objection fails to address this Court's previous Order which noted that "claims of intentional infliction of emotional distress are generally not cognizable where the relationship at issue is contractual"—and specifically, where the actions are associated with mortgage foreclosure. *See* ECF No. 52, PageID.1970. Once again, the purpose of objections is to not merely present arguments that the Court has already addressed. Accordingly, Plaintiff's second, third, ninth, objections are overruled because her claim still fails as a matter of law.

Plaintiff's final objection asserts that Magistrate Judge Grand converted Defendant Trott's "admission[s]" to "denials." ECF No. 58, PageID.2050. The Court has been provided with no evidence that the Trott Defendants admitted liability, either intentionally or inadvertently, in their Answer. Further, and as outlined by Magistrate Judge Grand, a motion for judgment on the pleadings requires "the Court to apply the same standards as a motion to dismiss brought under Rule 12(b)(6)." ECF No. 55, PageID.1986, n.9. *See also Doe v. Sentech Emp. Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016). Accordingly, because Plaintiff has failed to state a claim against the Trott Defendants, the amended motion for judgment on the pleadings must be denied. The eleventh objection is overruled.

## Conclusion

After a *de novo* review of the record and the materials submitted by the parties, the Court concludes Magistrate Judge Grand properly reviewed the record and applied the correct law in reaching his conclusion. For the reasons set forth above, Plaintiff's objections are **OVERULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Defendant's Motion to Dismiss (ECF No. 33), is **GRANTED**. Plaintiff's Amended Motion for Judgment on the Pleadings (ECF No. 43) is **DENIED**.

This matter is therefore **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: August 25, 2021     s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE